**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 11-CR-00023 |
| Plaintiff, | |
| | **MEMORANDUM OPINION AND** |
| v. | **ORDER DENYING DEFENDANT'S** |
| **DONGJUN LI,** | **MOTION TO DISMISS COUNT I** |
| Defendant. | |

Defendant Dongjun Li has moved to dismiss Count I of the Indictment (Docket No. 9) pursuant to Fed. R. Crim. P. 12(b)(3).  The court has reviewed the briefings (Docket Nos. 12, 16, and 20) and heard oral argument.  For the reasons stated below, the motion is denied.

## I.    BACKGROUND

The government alleges that on July 11, 2011, Mr. Li used a purportedly fraudulent I-512 advance parole authorization form to try to board a Delta Airlines flight from Saipan to California.  Docket No. 9.

Count I of the two-count indictment charges Mr. Li with immigration document fraud, in violation of 18 U.S.C. §1546(a).  *Id.*  The government alleges that Mr. Li

did knowingly use, attempt to use, and possess a permit and other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States ("U.S."), that is a U.S. Department of Justice, Immigration and Naturalization Service ("INS") Form I-512 (Authorization for Parole of an Alien into the U.S.) dated May 20, 2011, and accompanying

Authorization for Extention [*sic*] of Parole of Alien into the U.S. dated July 11, 2011, in the name DONGJUN LI, which the defendant knew to be forged, counterfeited, altered, falsely made and otherwise unlawfully obtained . . ." *Id.*

Section 1546(a) of Title 18 of the United States Code subjects to possible criminal penalties anyone who "knowingly . . . utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made . . ."

Mr. Li asserts that an I-512 advance parole authorization is not a permit or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States. Docket No. 12, ¶ 2. He notes that while advance parole allows a person to physically enter the country, advance parolees remain "constructively detained at the border, *i.e.* legally unadmitted . . ." Docket No. 12, ¶ 5, *quoting Ibragimov v. Gonzales,* 476 F.3d 125, 134 (2d Cir. 2007). In support, he relies largely on language in *Ibragimov* suggesting that an I-512 is not a "valid entry document." *Ibragimov,* 476 F.3d at 131. His argument is that the meaning of "entry" in § 1546(a) must be confined to legal admission.

The government responds, first, that advance parole authorization is prescribed by regulation, 8 C.F.R. § 212.5(f), and statute, 8 U.S.C. 1182(d)(5)(A). Docket No. 16, § B(3). Second, the government asserts that the I-512 is a permit. *Id.,* § B(4). In support, the prosecution points to language in the allegedly fake I-512 that presentation of the document will "*permit* the named bearer . . . to enter the United States as an alien paroled pursuant to section 212(d)(5) of the Immigration and Nationality Act." *Id.,* ex. 1 (emphasis added).[1]

---

[1] At the hearing, the court admitted for purposes of the motion, and without objection from the defense, two exhibits submitted by the government: (1) a document titled "Authorization for Parole of an Alien into the United States" and issued in the name of Dongjun Li; and (2) a document titled "Authorization for Extention [*sic*] of Parole of Alien Into the United States," also

1   Third, while not conceding the defense's argument as to "entry," the government focuses on

2   the I-512 as "evidence of authorized stay." *Id.,* § B(3).  The prosecution urges that

3   "fundamental to parole and parole documents, in practice, is an alien's presence in, or

4   absence from, the U.S." *Id.*

5   **II.   ANALYSIS AND DISCUSSION**

6           **A.   <u>Standard of Review</u>**

7           As a preliminary matter, the court must determine whether it is appropriate to decide

8   Mr. Li's claim on a pretrial motion to dismiss.

9           A pretrial motion may raise "[a]ny defense or objection which is capable of

10   determination without the trial of the general issue . . . ." Fed. R. Crim. P. 12(b).  A district

11   court must take up a pretrial motion to dismiss if the claim is "'entirely segregable' from the

12   evidence to be presented at trial." *United States v. Shortt Accountancy Corp.,* 785 F.2d

13   1448, 1452 (9th Cir. 1986) (citations omitted).  The court may hold "factual hearings prior

14   to trial to resolve issues of fact peculiar to the motion." *United States v. Covington,* 395 U.S.

15   57, 60 (1969).  If the pretrial claim is "not entirely segregable from the evidence to be

16   presented at trial, but also does not require review of a substantial portion of that evidence,"

17   the court has discretion to defer ruling until trial.  *Shortt Accountancy,* 785 F.2d at 1452.

18   The court may not, however, decide a pretrial claim that is "'substantially founded upon and

19   intertwined with' evidence concerning the alleged offense . . . ." *Id.* (citations omitted).  If

20   "trial of facts surrounding the commission of the alleged offense would be of [any]

21   assistance in determining the validity of the defense," the motion should be postponed.

22   *Covington,* 395 U.S. at 60.  The district court must not "in effect [grant] summary judgment

23   for the defendants."  *United States v. Jensen,* 93 F.3d 667, 669 (9th Cir. 1996).

24           The question of whether an I-512 is a document within the ambit of § 1546(a) is

25   entirely segregable from the evidence to be presented at trial.  The court need not consider

issued in Mr. Li's name.

1   – and does not consider – any peculiarities in the format or language of the papers that Mr.

2   Li allegedly showed at the Saipan airport.  Docket No. 16, ex. 1, 2.   The question is not

3   whether Mr. Li's document was a valid I-512.  Nor is the court asked to decide whether, by

4   seeking to board a plane going from Saipan to California, Mr. Li was trying to enter the

5   United States.[2]  In his pretrial motion, Mr. Li asserts that an advance parole authorization is,

6   by its nature, not a document encompassed by § 1546(a).  The court can decide that issue by

7   analyzing the pertinent statutes and regulations and applying them to the face of the

8   indictment without evaluating evidence that is within the province of the jury.  *Cf. United*

9   *States v. Marra,* 481 F.2d 1196, 1199-1200 (6th Cir. 1973), *cert. denied,* 414 U.S. 1004

10  (1973) (court should not consider evidence not appearing on face of indictment).  Because

11  Mr. Li's claim concerns a question of law entirely segregable from the facts that the jury will

12  determine at trial, the court must now rule on the merits of the pending motion to dismiss.

13

14          **B.       Law of Parole and Advance Parole**

15          A brief review of the law concerning parole and advance parole will aid in the

16  analysis of Mr. Li's claim.

17          In immigration law, parole is the "legal fiction whereby an alien is allowed to be

18  physically present in the United States for a specific purpose. The alien is not deemed to

19  have 'entered' the United States as that term is used in 8 U.S.C. § 1101(a)(13)

20  ["Definitions"] of the Immigration and Nationality Act."  *Barney v. Rogers,* 83 F.3d 318,

21  320 (9th Cir. 1996).  Parole does not "legally constitute an entry though the alien is

22  physically within the United States."  *Leng v. Barber,* 357 U.S. 185, 188 (U.S. 1958).

_____

[2] At oral argument, defense counsel suggested that a recent appellate decision, *United States v. Yong Jun Li,* 643 F.3d 1183 (9th Cir. 2011), poses problems for the prosecution.  In *Yong Jun Li,* the Ninth Circuit Court of Appeals held that, for purposes of a different criminal statute, an alien traveling from Saipan through international waters to Guam did not try to "enter" the United States, because the CNMI is now a part of the United States for immigration purposes. *Id.* at 1189.  That is a separate issue from the nature of an I-512 form, and the court need not take it up to decide the instant motion.

1    Parole is authorized by statute and regulation.  The Attorney General has discretion

2    to

3    parole into the United States temporarily under such conditions as he may prescribe
4    only on a case-by-case basis for urgent humanitarian reasons or significant public
5    benefit any alien applying for admission to the United States, but such parole of
6    such alien shall not be regarded as an admission of the alien and when the purposes
7    of such parole shall, in the opinion of the Attorney General, have been served the
8    alien shall forthwith return or be returned to the custody from which he was paroled
9    . . .
10    8 U.S.C. § 1182(d)(5)(A)

11    Regulation breaks out the specific circumstances in which the Secretary of the

12    Department of Homeland Security may exercise discretion to grant parole and the factors

13    that should go into the decision.  8 C.F.R. § 212.5.

14    Advance parole is an administrative procedure whereby the Department of Homeland

15    Security may allow noncitizens who reside in the United States and have applied for

16    adjustment of status to return to the United States after a brief absence.  *See, generally,* C.

17    Gordon *et al., Immigration Law and Procedure,* § 62.02 (rev. ed.); U.S. Citizenship &

18    Immigration Servs., Dep't of Homeland Sec., *Adjudicator's Field Manual,* § 54.1.  A

19    regulation states that advance parolees traveling to the United States without a visa "shall

20    be issued Form I-512."  8 CFR 212.5(f).

21    Advance parole plays a special role in the Commonwealth of the Northern Mariana

22    Islands ("CNMI") during the first two years of the transition to full federal authority over

23    immigration.  Prior to the transition period effective date of the Consolidated Natural

24    Resources Act of 2008 ("CNRA"), 48 U.S.C. §§ 1806-1808, federal immigration law did not

25    apply in the CNMI with respect to most classes of aliens.  COVENANT TO ESTABLISH A

26    COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (1976), sec. 503, 506, 48 U.S.C.

27    § 1801. Certain aliens present in the CNMI on the transition period effective date are eligible

28    for advance parole to allow them to return to the CNMI after traveling abroad.  Gordon *et*

29    *al.,* § 62.02[5]; *Adjudicator's Field Manual,* § 36.2 (added Nov. 24, 2009).

1    **C.**     **Merits of the Motion to Dismiss**

2      To come within 18 U.S.C. § 1546(a), an I-512 advance parole authorization form

3 must be (1) a permit or other document (2) prescribed by statute or regulation (3) for entry

4 into or as evidence of authorized stay or employment in the United States.

5         *1.*     *The I-512 Is Not a Permit*

6      The government argues that a permit is any immigration document that "permits" a

7 person to do something. In the context of 18 U.S.C. § 1546(a), however, "permit" is not a

8 generic term. The word "permit" is embedded within a string of other particularized terms

9 (". . . any immigrant or nonimmigrant visa, permit, border crossing card, alien registration

10 receipt card . . ."). 18 U.S.C. § 1546(a). With respect to entry, U.S. Citizenship and

11 Immigration Services offers a "reentry permit" to permanent residents "apply[ing] for

12 admission to the United States upon return from abroad during the period of the permit's

13 validity without the necessity of obtaining a returning resident visa." 8 C.F.R. § 223.1(a).

14 The same regulation that defines "reentry permit" also refers to an "advance parole

15 *document,*" § 223.1(b), not an advance parole *permit.* Accordingly, this Court finds that the

16 I-512 is not a permit.

17         *2.*     *The I-512 Is an Other Document That Evidences Authorized Stay in*

18                *the United States*

19      The I-512 is, however, a document that evidences authorized stay in the United

20 States. "When parole is authorized for an alien who will travel to the United States without

21 a visa, the alien shall be issued Form I-512." 8 C.F.R. § 212.5(f). Parole allows a noncitizen

22 "into the United States temporarily . . . ." 8 U.S.C. § 1182(d)(5)(A). The language of the

23 statute makes it clear that while parolees are not legally *admitted* into the United States, they

24 are allowed to stay in the United States. Although parolees remain "constructively detained

25 at the border," parole allows them "to temporarily remain in the United States pending the

26 review and adjudication of their immigration status . . . ." *Ibragimov,* 476 F.3d at 134. Thus,

1   the I-512 is a document that evidences authorization to stay temporarily in the United States.

2   Mr. Li's claim that an I-512 is not an entry document has some merit.  But the same

3   cases that support his argument on entry, namely that a parolee is constructively detained at

4   the border and never legally enters, confirm that a parolee is authorized to stay in the United

5   States.  *Barney,* 83 F.3d at 320 (parole allows alien "to be physically present in the United

6   States for a specific purpose"); *Ibragimov,* 476 F.3d at 134 ("parole is a means by which the

7   government allows aliens who have arrived at a port-of-entry to temporarily remain in the

8   United States . . .").  It is not necessary for the court to decide whether the I-512 is a

9   document "for entry," because the I-512 clearly is a document that authorizes stay.

10              *3.        The I-512 Is Prescribed by Regulation*

11   Mr. Li asserts in his reply (Docket No. 20, ¶ 6) that the I-512 form is not prescribed

12   because the granting of advance parole by the Attorney General is purely discretionary

13   pursuant to 8 U.S.C. 1182(d)(5)(A).  Mr. Li misunderstands "prescribed" in § 1546(a) to

14   mean "required."  The verb "prescribe" means "to lay down as a guide, direction, or rule of

15   action . . . ; to specify with authority," WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY

16   (1986); "[t]o dictate, ordain or direct; to establish authoritatively (as a rule or guideline),"

17   BLACK'S LAW DICTIONARY (8th ed. 2004).  Tellingly, in 1986 Congress changed the phrasing

18   of § 1546(a) from "*required* for entry . . ." to "*prescribed by statute or regulation* for entry

19   . . ." (emphasis added).  *See United States v. Krstic,* 558 F.3d 1010, 1016 (9th Cir. 2009).

20   The purpose of this amendment was to supersede the Supreme Court's 1971 ruling that an

21   alien registration receipt card, while effective to secure entry into the United States, was not,

22   "by its nature, a 'document required for entry' . . ."  *United States v. Campos-Serrano,* 404

23   U.S. 293, 300 (U.S. 1971); *discussed in Krstic,* 558 F.3d at 1014-1017.  Thus, the proper

24   inquiry under § 1546(a), as amended, is not whether the I-512 advance parole form is, by its

25   nature, an entry document.  It is whether, once the Attorney General has exercised discretion

1   to grant parole, a statute or regulation directs the issuance of an I-512 as evidence of

2   authorization to stay in the United States.  The I-512 is prescribed by a regulation, 8 C.F.R.

3   § 212.5(f) ("...*shall* be issued . . .").

4   **III.**      **CONCLUSION**

5        Because the I-512 advance parole authorization form is a document prescribed by

6   statute or regulation as evidence of authorized stay in the United States, it satisfies 18 U.S.C.

7   § 1546(a).  Count I of the Indictment, therefore, is sufficient on its face.  Accordingly, the

8   motion to dismiss is DENIED.

**SO ORDERED** on September 21, 2011.

_____

RAMONA V. MANGLONA, Chief Judge