IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case Number: 1:11-CR-00023 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY** |
| **DONGJUN LI**, | |
| Defendant. | |

1  Defendant Dongjun Li moved to compel discovery pursuant to Fed. R. Crim P.
2  12(b)(3)(E) and 16(a)(1)(E)(I). Docket No. ("DN") 25. Along with the motion, Mr. Li filed
3  a memorandum of points in support. DN 24. Subsequently, Mr. Li filed a notice to clarify
4  one of those points. DN 30. The government opposed the motion. DN 39. Mr. Li replied
5  to the government's opposition. DN 41.

6  Mr. Li sought an order for the government to produce (1) a current copy of the
7  Inspector's Field Manual ("the Field Manual") of United States Customs and Border
8  Protection ("CBP"), and (2) any and all "CBP policy memoranda, updates, addenda,
9  guidance, or other documents of any kind pertaining to the inspection of persons attempting
10 to depart the United States or the Commonwealth of the Northern Mariana Islands
11 ["CNMI"], and also pertaining to CBP's inspection, handling, or processing of prospective
12 parolees either into or departing from the CNMI." DN 24, ¶ 1.

13  The court heard oral argument on October 7, 2011, and denied the motion. The court

now issues this Memorandum Opinion to explain its reasoning.

## I. BACKGROUND

Mr. Li is charged with one count of immigration document fraud, in violation of 18 U.S.C. § 1546(a), and one count of false statement or entry, in violation of 18 U.S.C. § 1001(a)(3). DN 9 ("Indictment"). The government alleges that Mr. Li used a fake I-512 advance parole authorization form to try to board a Delta Airlines flight from Saipan to California, and that he presented to CBP officers at the Saipan airport fraudulent marriage documents material to the determination of his immigration status. *Id.*

## II. LEGAL STANDARDS

Upon a defendant's request, the prosecution must disclose "books, papers, documents . . . within the government's possession, custody, or control [which are] material to preparing the defense . . ." Fed. R. Crim. P. 16(a)(1)(E)(I). Federal prosecutors are deemed to have possession and control over material held by other federal agencies so long as they have knowledge of and access to that material. *United States v. Fort,* 478 F.3d 1099, 1102 (9th Cir. 2007).

To obtain disclosure of particular items, the defendant must "make a threshold showing of materiality, which requires a presentation of 'facts which would tend to show that the Government is in possession of information helpful to the defense.'" *United States v. Santiago,* 46 F.3d 885, 894 (9th Cir. 1995) (*quoting United States v. Mandel,* 914 F.2d 1215, 1219 (9th Cir. 1990) (requiring prima facie showing of materiality). A threshold showing requires more than a "general description of the materials sought or a conclusory argument as to their materiality . . ." *United States v. Cadet,* 727 F.2d 1453, 1468 (9th Cir. 1984). Rule 16(a) discovery is not a "sword" for use by the defendant to challenge all aspects of the prosecution's conduct of a case. *United States v. Chon,* 210 F.3d 990, 995 (9th Cir. 2000), *citing United States v. Armstrong,* 517 U.S. 456, 462 (1996). Rule 16(a) discovery requests encompass only the "narrower class of 'shield' claims, which refute the

Government's arguments that the defendant committed the crime charged." *Armstrong,* 517 U.S. at 462.

### III. SUMMARY OF THE ARGUMENTS

In the motion to compel, Mr. Li made two arguments to support his discovery requests. First, he asserted that CBP policies and procedures would likely serve as a basis for his cross examination of CBP officers. DN 24, ¶ 9. Second, he said that without access to the Field Manual and other CBP documents he could not fully evaluate whether he had a good-faith basis to bring a motion to suppress evidence. *Id.* Mr. Li conceded that he had been able to access a redacted, out-of-date version of the Field Manual on the Internet but asserted that it would be difficult to authenticate and could not be "completely rel[ied] upon . . . for purposes of exploring his defenses." *Id.*, ¶ 5. He also acknowledged that a version of the Field Manual is available from the American Immigration Lawyers Association website but asserted that this version's authenticity and completeness are not verifiable. *Id.*, ¶ 6. He further argued that any special procedures which CBP may have adopted for use in the CNMI after the so-called "federalization" of immigration in 2009 would not appear in the internet versions.[1]

The government responded that its case in chief on the charge of immigration document fraud would not rely on the testimony of CBP officers but would develop mainly through the testimony of civilian employees of Delta Airlines and documents that Mr. Li voluntarily relinquished to those civilians. DN 39-1, 4:1-3. The government conceded that it is material to the false-statement charge that Mr. Li presented the allegedly fraudulent marriage record to CBP officers in response to their questions about his immigration status. *Id.*, 4:20-23. The government asserted, however, that internal CBP procedures, including

---

[1] Prior to November 28, 2009, the transition period effective date of the Consolidated Natural Resources Act of 2008 ("CNRA"), 48 U.S.C. §§ 1806-1808, federal immigration law did not apply in the CNMI with respect to most classes of aliens. COVENANT TO ESTABLISH A COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS (1976), sec. 503, 506, 48 U.S.C. § 1801.

any procedures responsive to federalization, have no bearing on any defense to the false-statement charge.

In support of its position, the government pointed to this court's refusal in a drug case to compel production of the Drug Enforcement Administration Agent's Field Manual. *United States v. Norita,* 708 F.Supp.2d 1043, 1054 (D.N.M.I. 2010). In that case, the court found that defendants' "conclusory assertions that the Agent's Field Manual will help to cross-examine agents and confidential informants" were "not enough" to show materiality to any shield defense. *Id.*

In his reply, Mr. Li pointed out that the government itself has a materiality problem. DN 41, 1:25–2:4. He averred that to prove the charge of false statement, the government must show that any false statement about Mr. Li's marital status was material to the CBP officer's determination of his immigration status. *Id., citing* DN 1 ("Indictment") ("Such statement was material to the determination by DHS of the defendant's immigration status . . ."). He asserted that the lack of an official policy or procedure to examine a departing passenger's marriage license, as evidenced by such an omission in the Field Manual and other CBP documents, would be material to his defense against the materiality element of the offense. *Id.,* 2:10–18.

## IV.   DISCUSSION

Mr. Li's initial arguments as to the materiality of the Field Manual and other CBP documents are merely conclusory and are not persuasive. The extent to which CBP officers followed internal policies and procedures during their contact with Mr. Li is a collateral matter and is not relevant to a shield defense to the crimes charged. *See Armstrong,* 517 U.S. at 462; *Norita,* 708 F.Supp.2d at 1054, *citing United States v. Little,* 753 F.2d 1420, 1445 (9th Cir. 1984).

Nor has Mr. Li demonstrated why he would need access to these materials to determine whether to bring a motion to suppress evidence. He has not indicated which documents or statements might be subject to suppression or under what theory they might

be suppressed. A motion to suppress may turn on whether evidence was obtained in the course of custodial interrogation in violation of the defendant's due process rights or by coercive means that render any statements involuntary. *See, generally, Miranda v. Arizona,* 384 U.S. 436 (1966) (warnings before custodial interrogation); *Lego v. Twomey,* 404 U.S. 477 (1972) (coerced confessions). Mr. Li has not shown how information in the requested documents would bear on whether he was in custody and being interrogated, or whether he was coerced into making statements.

Moreover, Mr. Li has not pointed to any passages in the redacted version of the Field Manual, available through the Internet, that would reasonably lead the court to believe that the unredacted, 2011 edition of the Field Manual would be material to his defense. The court cannot order disclosure of official agency documents to the defense on mere speculation.

The argument that Mr. Li raises in rebuttal, however, has some merit. To prove a violation of 18 U.S.C. § 1001, the prosecution must show that the defendant knowingly and willingly made a false statement that is "material to [a] matter within the jurisdiction of a federal government department or agency." *United States v. Equihua-Juarez,* 851 F.2d 1222, 1224 (9th Cir. 1988). It is not enough that the statement was false and was made to federal agents. *See id.* ("Section 1001 . . . was not intended to apply to all false statements made to government agencies."). The absence of a directive to CBP officers, through the Field Manual or other official communications, to ask a person seeking entry for a marriage license may be relevant to determining the materiality of the allegedly fraudulent document. Mr. Li would need a substantively complete version of the Field Manual and related materials to assess the viability of that facet of his defense.

However, the redacted Field Manual to which Mr. Li has directed the court to refer online *does* mention circumstances where a CBP agent may need to verify a marriage. Immigration visa ("IV") admission processing procedures include securing "[o]riginal documents such as birth certificates, adoption decrees, or marriage certificates" contained in the IV packet. U.S. CUSTOMS AND BORDER PROTECTION, INSPECTOR'S FIELD MANUAL,

§ 14.4(a)(7), p. 34, available at *http://www.shusterman.com/pdf/cbpinspectorsfieldmanual.pdf.* Admission procedures for conditional immigrants "are generally the same as for other immigrants, but in spouse cases, if the marriage upon which the visa is issued occurred more than 2 years prior to the date of admission, you [the CBP officer] must admit the alien unconditionally, regardless of the visa symbol on the immigrant visa." *Id.* at § 14.6, p. 36.  In light of such references in the redacted version, it is hard to see where Mr. Li needs the government to provide an unredacted text of the Field Manual or other CBP documents.

## V. CONCLUSION

For the reasons stated above, the motion to compel discovery is DENIED.

**SO ORDERED** on October 24, 2011.

_____
RAMONA V. MANGLONA, Chief Judge